﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190618-10338
DATE: February 27, 2020

ORDER

For the entire period on appeal, an increased evaluation of 10 percent, but not greater, for the Veteran’s service-connected costochondritis is granted.

FINDING OF FACT

Throughout the entire period on appeal, the Veteran’s service-connected costochondritis was manifested by fatigue-pain that resulted in no more than moderate impairment to muscle group XXI.

CONCLUSION OF LAW

Throughout the entire period on appeal, the criteria for the assignment of an increased evaluation of 10 percent, but not greater, for the Veteran’s service-connected costochondritis for a moderate disability have been approximated. 38 U.S.C. §§ 1155, 5107, 5110; 38 C.F.R. §§ 3.400, 4.1, 4.3, 4.7, 4.55, 4.56, 4.73, Diagnostic Code 5321.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the U.S. Army from August 1979 to August 1999. The Board notes that the rating decision on appeal was issued by an Agency of Original Jurisdiction (AOJ) in June 2019. See 38 C.F.R. § 19.2(d). The Veteran elected the modernized review system under the Appeals Modernization Act (AMA) and selected the Direct Review lane in his June 2019 Notice of Disagreement. See 38 C.F.R. § 19.2(d). The Veteran has not requested a Board hearing.

For the entire period on appeal, an increased evaluation of 10 percent, but not greater, for the Veteran’s service-connected costochondritis is granted.

In September 1999, the Veteran was awarded service connection for costochondritis and awarded a noncompensable evaluation, effective September 1, 1999. In June 2019, the Veteran’s noncompensable evaluation was continued under the criteria of Diagnostic Code 5321. See 38 C.F.R. §§ 4.55, 4.56, 4.73. The Veteran contends that his service-connected costochondritis warrants an increased compensable evaluation, and for the reasons set forth below, the Board agrees.

Disability evaluations are determined by the application of the facts presented to VA’s Schedule for Rating Disabilities (Rating Schedule) at 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civilian occupations. See 38 U.S.C. § 1155; 38 C.F.R. § § 3.321(a), 4.1. In evaluating the severity of a particular disability, it is essential to consider its history. See 38 C.F.R. § 4.1; Peyton v. Derwinski, 1 Vet. App. 282 (1991). Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that evaluation; otherwise, the lower rating will be assigned. See Schafrath v. Derwinski, 1 Vet. App. 589, 592-93 (1991); 38 C.F.R. § 4.7.

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is the primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). In determining the severity of a disability, the Board is required to consider the potential application of various other VA regulations, regardless of whether they were raised by the Veteran, as well as the entire history of the Veteran’s disability. See 38 C.F.R. §§ 4.1, 4.2; see also Schafrath, 1 Vet. App. at 595. Separate evaluations may be assigned for separate periods of time, or staged, where factual findings show distinct time periods during which the Veteran’s disability exhibits symptoms that warrant the application of different ratings. See Fenderson v. West, 12 Vet. App. 119, 126-28 (1999); see also Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007). However, the evaluation of the same disability under several diagnostic codes, known as pyramiding, must be avoided; separate ratings may be assigned for distinct disabilities resulting from the same injury only where the symptomatology for one condition is not duplicative or overlapping with the symptomatology of the other condition. See 38 C.F.R. § 4.14; see also Esteban v. Brown, 6 Vet. App. 259, 261-62 (1994).

Once the evidence has been assembled in the record, the Board shall consider all competent lay and medical evidence of record, analyze the credibility and probative value of the evidence, and provide reasons for rejecting any favorable material evidence. See Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff’d per curiam, 78 F.3d 604 (Fed. Cir. 1996); 38 U.S.C. § 7104(a). In addressing lay evidence and determining its probative value, the Board must assess both its competency, a legal concept determining whether testimony may be heard and considered, and its credibility, a factual determination regarding its probative value. See Layno v. Brown, 6 Vet. App. 465, 469 (1994).

Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Board shall afford the claimant the benefit of the doubt, see 38 U.S.C. § 5107; 38 C.F.R. § § 3.102, 4.3, and where the evidence is in relative equipoise, the claimant shall prevail. See Gilbert v. Derwinski, 1 Vet. App. 49, 53-54 (1990). The preponderance of the evidence must weigh against the claim in order to warrant its denial. See Alemany, 9 Vet. App. at 519-20.

Effective dates for disability ratings may be established up to one year prior to the date of claim if, based upon all the evidence of record, it can be factually ascertained that an increase in the Veteran's service-connected disability occurred during that year preceding the claim. See 38 U.S.C. § 5110 (b)(3); C.F.R. § 3.400(o)(2). In this case, the Veteran filed the instant increased rating claim on March 28, 2019; therefore, the Board has considered whether it was factually ascertainable that the Veteran’s service-connected costochondritis exhibited signs of worsening as early as March 28, 2018.

Disabilities of the thoracic muscle group are governed by Diagnostic Code 5321, which provides as follows: (1) a slight injury warrants a noncompensable rating; (2) a moderate injury warrants a 10 percent rating; and (3) a moderately severe or severe injury warrants a 20 percent rating. See 38 C.F.R. §§ 4.55(b), 4.73.

For VA rating purposes, evaluation of a muscle disability requires consideration of its cardinal signs and symptoms, including loss of power, weakness, lowered threshold of fatigue, fatigue-pain, impairment of coordination, and uncertainty of movement. See 38 C.F.R. § 4.56(c).

The finding of a slight muscle disability is warranted where the evidence of record indicates a simple muscle wound without debridement or infection, and where a medical history includes a service department record documenting a superficial wound with brief treatment and return to duty, healing with good functional results, and no cardinal signs or symptoms of muscle disability. See 38 C.F.R. § 4.56(d)(1). Objective findings for a slight muscle disability include a minimal scar, no evidence of a fascial defect, atrophy, or impaired tonus, no impairment of function, and no metallic fragments retained in muscle tissue. See id. 

The finding of a moderate muscle disability is warranted where the evidence of record indicates a through-and-through or deep penetrating wound of short track from a single bullet, small shell, or shrapnel fragment, without explosive effect of high velocity missile, residuals of debridement, or prolonged infection, and where a medical history includes a service department record or other evidence of in-service treatment for the wound and documentation of consistent complaints of one or more of the cardinal signs and symptoms of muscle disability, particularly lowered threshold of fatigue after average use affecting the particular functions controlled by the injured muscles. See 38 C.F.R. § 4.56(d)(2). Objective findings for a moderate muscle disability include entrance and (if present) exit scars, small or linear, indicating short track of missile through muscle tissue and some loss of deep fascia or muscle substance or impairment of muscle tonus, and loss of power or lowered threshold of fatigue when compared to the sound side. See id. 

The finding of a moderately severe muscle disability is warranted where the evidence of record indicates a through-and-through or deep penetrating wound by a small high-velocity missile or large low-velocity missile, with debridement, prolonged infection, or sloughing of soft parts, and intermuscular scarring, and where a medical history regarding this type of injury includes a service medical record or other evidence documenting prolonged hospitalization for treatment of a wound, record of consistent complaints of cardinal signs and symptoms of muscle disability, and, if present, evidence of an inability to keep up with work requirements. See 38 C.F.R. § 4.56(d)(3). Objective findings for a moderately severe muscle disability include entrance and (if present) exit scars indicating the track of the missile through one or more muscle groups, and indications on palpation of loss of deep fascia, muscle substance, or normal firm resistance of muscles compared with the sound side. See id. Tests of strength and endurance compared with sound side should demonstrate positive evidence of impairment. See id. 

The finding of a severe muscle disability is warranted where the evidence of record indicates a through-and-through or deep penetrating wound due to high-velocity missile, or large or multiple low velocity missiles, or with shattering bone fracture or open comminuted fracture with extensive debridement, prolonged infection, or sloughing of soft parts, intermuscular binding and scarring, and where a medical history regarding this type of injury includes a service department record or other evidence documenting hospitalization for a prolonged period for the treatment of such wound, record of consistent complaint of cardinal signs and symptoms of muscle disability, worse than those shown for moderately severe muscle injuries, and, if present, evidence of an inability to keep up with work requirements. See 38 C.F.R. § 4.56(d)(4). Objective findings for a severe muscle disability include the following: (1) ragged, depressed, and adherent scars indicating wide damage to muscle groups in missile track; (2) palpation indicating loss of deep fascia or muscle substance, or soft flabby muscles in wound area; (3) muscles swelling and hardening abnormally in contraction; and (4) tests of strength, endurance, or coordinated movements compared with the corresponding muscles of the uninjured side indicating severe impairment of function. See id. 

As stated above, the Veteran’s service-connected costochondritis is currently evaluated under the criteria of Diagnostic Code 5321 as noncompensable from September 1, 1999. See 38 C.F.R. §§ 4.55, 4.56, 4.73. The Veteran contends, without elaborating, that his service-connected costochondritis warrants an increased compensable evaluation. 

The Veteran’s service treatment records (STRs) reflect treatment for left chest pain, diagnosed during service as costochondritis, and in May 2019, the Veteran was afforded a VA examination which culminated in a report indicating that the Veteran did not undergo a penetrating muscle injury, such as a gunshot or shell fragment wound; instead, the Veteran reported that he experiences random, occasional sharp pains on the left side of his chest wall or sternum that causes him to lose his breath and to become anxious. The May 2019 VA examination report further indicated that the Veteran underwent an injury to the left side of his torso, identified as group XXI: muscles of respiration: thoracic muscle group, and that the Veteran did not have a history of rupture to his diaphragm with herniation, extensive muscle hernia, or injury to his facial muscles. The May 2019 VA examination further revealed point tenderness to palpation in the left side lower sternal area, but otherwise negative findings for the following: (1) scars; (2) fascial defects; (3) muscle injuries impacting muscle substance or muscle function; (4) signs or symptoms attributable to a muscle injury; (5) muscle atrophy; (6) assistive devices; and (7) abnormal muscle strength testing for the muscle group XXI. The May 2019 VA examination report also concluded that the Veteran’s service-connected costochondritis did not negatively impact his ability to work or result in an inability to keep up with work requirements.

In addition, VA treatment records dated February 2016 reflect that the Veteran reported chest wall pain, and that a June 2015 chest x-ray and electrocardiogram were both unremarkable. 

Accordingly, in light of the foregoing evidence, and resolving all reasonable doubt in favor of the Veteran, the Board finds that, for the period on appeal from March 28, 2018, the manifestations of the Veteran’s service-connected costochondritis warrant an increased evaluation of 10 percent, but not greater, under Diagnostic Code 5321 for a moderate muscle injury.

As indicated above, the Veteran’s STRs reflect that he was treated during service for left-side costochondritis. In addition, VA treatment records reflect that he has consistently reported pain in his left chest-sternum area, which is enumerated in the VA Rating Schedule as a cardinal sign or symptom of muscle disability, see 38 C.F.R. § 4.56(c), and which therefore which satisfies VA rating criteria for a moderate disability of muscles. See 38 C.F.R. § 4.56(d)(2). In addition, the May 2019 VA examiner indicated that the Veteran experienced tenderness to palpation on the left side lower sternal area. 

Accordingly, resolving all reasonable doubt in favor of the Veteran, the Board finds that an increased evaluation of 10 percent, but not greater, is warranted in this case, under Diagnostic Code 5321 for a moderate muscle injury from March 28, 2018. However, in so finding, the Board also finds that the assignment of an evaluation in excess of 10 percent under Diagnostic Code 5321 is not warranted at any point during the period on appeal, as the record contains no evidence that the Veteran’s service-connected costochondritis manifested any of the following: (1) hospitalization for a prolonged period for the treatment of a wound; (2) an inability to keep up with work requirements; (3) entrance and (if present) exit scars indicating track of a missile through one or more muscle groups; (4) indications on palpation of loss of deep fascia, muscle substance, or normal firm resistance of muscles compared with the sound side; (5) tests of strength and endurance compared with the sound side demonstrating positive evidence of impairment; (6) ragged, depressed and adherent scars indicating wide damage to muscle groups in the missile track; (7) palpation showing loss of deep fascia or muscle substance, or soft flabby muscles in wound area; (8) swelling or hardening of muscles in contraction; and (9) tests of strength, endurance, or coordinated movements compared with the corresponding muscles of the uninjured side indicating severe impairment of function. See 38 C.F.R. § 4.56(3), (4).

Accordingly, and in consideration of the foregoing evidence, the Board finds that the preponderance of the evidence of record weighs against an award of an evaluation in excess of 10 percent for the Veteran’s service-connected costochondritis for any portion of the period on appeal from March 28, 2018, as the record contains no evidence during such period that the Veteran’s costochondritis manifested symptoms rising to the level of a moderately severe or a severe muscle disability. 

The Veteran has not specifically raised any other issues, nor have any other issues been reasonably raised by the evidence of record. See Doucette v. Shulkin, 28 Vet. App. 366, 370 (2017).

Accordingly, the Board finds that a 10 percent rating for the Veteran’s service-connected costochondritis under Diagnostic Code 5321 for a moderate muscle injury is warranted for the period on appeal from March 28, 2018. However, the preponderance of the evidence of record weighs against an award of a disability rating in excess of 10 percent for the Veteran’s service-connected costochondritis for any portion of such period on appeal, as the record contains no evidence during such period that the Veteran’s costochondritis manifested symptoms rising to the level of a moderately severe or a severe muscle injury. Accordingly, because the preponderance of the evidence weighs against the award of any additional increased evaluations, the benefit of the doubt doctrine is not applicable. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board H. Marsdale

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.